JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00941 PA (SKx) | Date | June 2, 2021 |
|---|---|---|---|
| Title | Elliot McGucken v. Industry Marketing Group, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| K. Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   **Court Order**

Plaintiff Elliot McGucken ("Plaintiff") filed a Complaint against defendant Industry Marketing Group, LLC on February 1, 2021. (Dkt. No. 1.) On May 18, 2021, the Court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution. (Dkt. 12.) In its Order, the Court noted that generally a defendant must file an answer within 21 days after service, and that this deadline had not been met in this case. (Id. (citing Federal Rule of Civil Procedure 12(a)(1).)

On May 25, 2021, without seeking leave of the Court, Plaintiff filed a First Amended Complaint adding defendant Jonathan P. Poteat. (Dkt. No. 13.) In addition, Plaintiff filed a response to the Court's Order stating, "[o]n May 25, 2021, Plaintiff filed his First Amended Complaint, thereby rendering the initial complaint moot." (Dkt. No. 14.) Plaintiff further "request[ed] that the Order to Show Cause be discharged, and Plaintiff be granted an additional sixty (60) days . . . for purposes of completing service of process of the First Amended Complaint and allowing time for Defendants to file their Respective Answers." (Id.)

Generally, "[a] party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Based on the procedural posture of this case, the Court finds that Plaintiff was required to seek leave from the Court before amending Plaintiff's Complaint. The 21-day deadline for Plaintiff to file an amended complaint following service has passed, and there has been no responsive pleading from a defendant triggering the second 21-day period under Federal Rule of Civil Procedure 15. Plaintiff's First Amended Complaint is stricken. The Court also finds Plaintiff's response to the Court's Order to Show Cause insufficient.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00941 PA (SKx) | Date | June 2, 2021 |
|---|---|---|---|
| Title | Elliot McGucken v. Industry Marketing Group, LLC, et al. | | |

41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor.  Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action.  In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").  The third Henderson factor at least marginally favors dismissal because the defendants may be further prejudiced unless the complaint is dismissed.  See Yourish, 191 F.3d at 991.  Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file an adequate response by the deadline stated in the Court's Order.  Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has failed to comply with the Court's Order and the Federal Rules of Civil Procedure.  The Court therefore dismisses this action without prejudice for lack of prosecution, failure to comply with a Court order, and failure to comply with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.